**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**VERIZON TRADEMARK SERVICES LLC,**

*Plaintiff,*

v.

**VERIZON TRADEMARK SERVICES LLC; VERIZONTRADEMARKSERVICES.COM LLC; VZSTOCK.COM LLC; MATT MCMAN a/k/a Stephen Neubauer and/or John Tore**; and **JOHN DOES** 1-10,

*Defendants.*

Case No. 1:23-cv-02750-JMC

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Pursuant to Rule 4(e) and (h) of the Federal Rules of Civil Procedure, Plaintiff Verizon Trademark Services LLC ("Plaintiff"), through its undersigned counsel of record, respectfully files this Motion for Alternative Service. As set forth more fully in Plaintiff's attached Memorandum of Points and Authorities, Plaintiff moves for alternative service of the summons and complaint on Defendants Matt McMan, VZStock.com LLC, and Verizontrademarkservices.com LLC. Despite multiple different attempts to personally serve these Defendants at their registered address in Davison, Michigan under the Federal Rules of Civil Procedure, and additional attempts to serve Defendants via registered mail pursuant to the laws of Michigan and the District of Columbia, Defendants have and continue to evade service of Plaintiff's complaint. Accordingly, Plaintiff seeks the Court's permission to serve Defendants

by the alternate means of tacking the summons and complaint to the door of Defendants' address accompanied by service via email and First-Class mail.

Plaintiff thus respectfully requests that the Court grant Plaintiff's Motion for Alternative Service, and enter the Proposed Order attached to this Motion.

Dated: November 21, 2023

Respectfully submitted,

By: /s/ Jason M. Joyal

David M. Kelly (Bar ID: 642080)
david.kelly@kelly-ip.com
Jason M. Joyal (Bar ID: 1015808)
jason.joyal@kelly-ip.com
Shelby A. McGowan (Bar ID: 90005205)
shelby.mcgowan@kelly-ip.com
KELLY IP, LLP
1300 19th Street, NW, Suite 420
Washington, DC 20036
Tel. (202) 808-3570
Fax. (202) 354-5232

*Attorneys for Plaintiff*
Verizon Trademark Services LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on November 21, 2023, the foregoing Plaintiff's Motion for Alternative Service was electronically filed using the Court's CM/ECF system and is available for viewing and downloading via that system.

*/s/ Jason M. Joyal*
Jason M. Joyal

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**VERIZON TRADEMARK SERVICES LLC,**

*Plaintiff,*

v.

**VERIZON TRADEMARK SERVICES LLC; VERIZONTRADEMARKSERVICES.COM LLC**; **VZSTOCK.COM LLC**; **MATT MCMAN a/k/a Stephen Neubauer and/or John Tore**; and **JOHN DOES** 1-10,

*Defendants.*

Case No. 1:23-cv-02750-JMC

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ALTERNATIVE SERVICE**

Plaintiff Verizon Trademark Services LLC ("Plaintiff" or "Verizon"), through its undersigned counsel of record, submits the following memorandum of points and authorities in support of its motion for alternative service of the summons and complaint on Defendants Matt McMan, VZStock.com LLC, and Verizontrademarkservices.com LLC.

## I. INTRODUCTION

Plaintiff filed this action to address the unauthorized use and registration of its famous VERIZON trademark by Defendants Matt McMan ("McMan") and his alter ego entities, including VZStock.com LLC ("VZS.COM LLC") and Verizontrademarkservices.com LLC ("VTS.COM LLC") (collectively, "Defendants"). Despite multiple different attempts to personally serve Defendants at their registered address in Davison, Michigan under the Federal Rules of Civil Procedure, and additional attempts to serve Defendants via registered mail pursuant to the laws of Michigan and the District of Columbia, Defendants have and continue to evade service of Plaintiff's complaint. Accordingly, Plaintiff seeks the Court's permission to serve Defendants by the alternate means of tacking the summons and complaint to the door of Defendants' address accompanied by service via email and First-Class mail.

## II. FACTUAL BACKGROUND

Plaintiff filed its Complaint on September 20, 2023. (ECF 1.) The Complaint states causes of action arising under the federal Lanham Act against the following defendants:

- Matt McMan, a/k/a Stephen Neubauer, a/k/a John Torre, an individual residing at 8035 McDermitt Dr., Apt. 123, Davison, MI 48423;
- VZStock.com LLC, a Michigan limited liability company with a registered address and principal place of business at 8035 McDermitt Dr., Apt. 123, Davison, MI 48423;
- Verizontrademarkservices.com LLC, a Michigan limited liability company with a registered address and principal place of business at 8035 McDermitt Dr., Apt. 123, Davison, MI 48423; and
- Verizon Trademark Services LLC, a District of Columbia limited liability company with a registered address and principal place of business at 1717 N Street NW, Suite 1, Washington D.C. 20036.[1]

[1] Defendant Verizon Trademark Services LLC was served with the summons and complaint on September 26, 2023. (ECF 5.) Default against Defendant Verizon Trademark Services LLC was

The registered agent for service of process for VZStock.com LLC and Verizontrademarkservices.com LLC is Defendant Matt McMan, and the registered address for service of both entities is 8035 McDermitt Dr., Apt. 123, Davison, MI 48423 (the "McDermitt Address"). (ECF No. 1 ¶¶ 8-10; Declaration of Jason M. Joyal ("Joyal Dec.") ¶¶ 3-5, Exs. 1-3.) The McDermitt Address is a residential dwelling and is also a known address of individual Defendant Matt McMan. (Id.) As detailed below and in the "Affidavits of Process Server in Support of Motion for Alternate Service" attached to the supporting Joyal Dec., Plaintiff's process server attempted personal service of the summons and complaint on all three Defendants at the McDermitt Address on multiple occasions as follows:[2]

1. On Saturday, September 23, 2023 at 3:02 p.m., the process server attempted personal service on all three Defendants at the McDermitt Address. The process server attests that the McDermitt Address "appears occupied" (i.e., furnished and not vacant or abandoned) but there was no answer at the door and the vehicle registered to Defendant McMan was not present.

2. On Monday, September 25, 2023 at 6:31 p.m., the process server reattempted personal service on all three Defendants at the McDermitt Address. Lights were on inside but there was no answer at the door. The process server spoke with a neighbor resident who confirmed that "Stephen" lives at the McDermitt Address.[3] The process server left a card with his contact information on the door of the McDermitt Address and called possible phone numbers of Defendant McMan and left voicemail messages.

3. On Thursday, September 28, 2023 at 8:06 a.m., the process server reattempted personal service on all three Defendants at the McDermitt Address. There was no answer at the door but the process server's contact information left on the door during the prior service attempt had been removed. The process server left another contact

---

entered by the Court Clerk on November 2, 2023, (ECF 7), and Plaintiff's motion for default judgment against Defendant Verizon Trademark Services LLC is presently pending (ECF 9.)

[2] Prior to attempting personal service, the process server sent a postmaster verification request for the McDermitt Address. On October 3, 2023, the process server received postmaster verification that the McDermitt Address is the current address associated with Defendant McMan and that there was no forwarding address on file.

[3] "Stephen Neubauer" is a known alias of Defendant McMan, as alleged in the Complaint. (ECF 1 ¶ 10.)

information card and again called and left voicemail messages to possible phone numbers of Defendant McMan.

4. On Friday, September 29, 2023 at 10:49 a.m., the process server reattempted personal service on all three Defendants at the McDermitt Address. There was no answer at the door but the process server's contact information left on the door during the prior service attempt had again been removed. The process server left another contact information card and again called and left voicemail messages to possible phone numbers of Defendant McMan.

5. On Wednesday, October 4, 2023 at 7:40 p.m., the process server reattempted personal service on all three Defendants at the McDermitt Address. Although there was a light on inside, there was no answer at the door and the process server attested to his belief that he is "being ignored at the door." The process server's contact information left on the door during the prior service attempt had again been removed. The process server also spoke with a different neighbor who confirmed residency. The process server left another contact information card and again called and left voicemail messages to possible phone numbers of Defendant McMan.

6. On Saturday, October 7, 2023 at 1:11 p.m., the process server reattempted personal service on all three Defendants at the McDermitt Address. There was no answer at the door but the process server's contact information left on the door during the prior service attempt had again been removed. The process server left another contact information card and again called and left voicemail messages to possible phone numbers of Defendant McMan.

(Joyal Dec. ¶¶ 3-5, Exs. 1-3.)

In addition to the six unsuccessful personal service attempts discussed above, Plaintiff's process server also attempted service via Registered Mail and/or Registered Mail-Restricted Delivery on each of the three Defendants as follows:[4]

1. On October 16, 2023, Plaintiff's process server sent via Registered Mail a copy of the summons and complaint to VZStock.com LLC c/o Matt McMan, Registered Agent, to the McDermitt Address via Registered Mail, with a tracking number of 7022 2410 0000 9529 0087.

2. On October 16, 2023, Plaintiff's process server sent via Registered Mail a copy of the summons and complaint to Verizontrademarkservices.com LLC c/o Matt McMan,

[4] Pursuant to Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A), service via Registered Mail and/or Registered Mail – Restricted Delivery is an authorized manner of service under both Michigan and D.C. law. *See, e.g.,* Michigan Court Rules 2.105(A) (registered mail-restricted delivery to individual) and 2.105(H) (permitting registered delivery mail to LLC after reasonable attempts to serve agent personally); D.C. Super. Ct. Civ. R. 4(c)(4) (registered mail, return receipt request).

Registered Agent, to the McDermitt Address via Registered Mail, with a tracking number of 7022 2410 0000 9529 0094.

3. On October 16, 2023, Plaintiff's process server sent via Registered Mail-Restricted Delivery a copy of the summons and complaint to Matt McMan, a/k/a Stephen Neubauer, a/k/a John Tore, to the McDermitt Address via Registered Mail-Restricted Delivery, with a tracking number of 7022 2410 0000 9529 0117.

(Joyal Dec. ¶¶ 6-8, Exs. 4-6.)

Registered Mail delivery was attempted against all three Defendants on October 21, 2023 at 10:54 a.m., but "no authorized recipient" was available to sign for delivery. (Joyal Dec. ¶¶ 9-11, Exs. 7-9.) Notice of the delivery attempt was left at the McDermitt address, with a posted reminder for Defendant McMan to schedule an alternative time for delivery or to pick-up the delivery at the local post office by November 4, 2023. *Id.* No such alternative attempt has been requested by Defendant McMan to date. *Id.*

## III. THE COURT SHOULD PERMIT ALTERNATIVE SERVICE ON DEFENDANTS

The goal of Federal Rule of Civil Procedure 4 is to provide flexibility in the procedures for giving defendants notice of an action and to eliminate unnecessary technicalities in the service of process. 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987). Under Fed. R. Civ. P. 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[5]

The Michigan Court Rules allow alternate service by any "manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard" after plaintiff has made "a showing that service of process cannot reasonably be made as provided by

---

[5] Fed. R. Civ. P. 4(e)(1) addresses service on an individual. However, service on an LLC can be made "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A).

[MCR 2.105].” See MCR 2.105(J). In addition, District of Columbia Civil Rules allow for service via any alternative means “that the court deems just and reasonable,” including “electronic mail if the serving party shows that the party to be served used this method for successful communication within the past 6 months.” D.C. Super. Ct. Civ. R. 4(e)(3)(A)-(B).

**A. Defendants Have Evaded Plaintiff’s Diligent Service Attempts**

All three Defendants reside at the same McDermitt Address. As detailed above, despite Plaintiff’s diligent efforts to serve Defendants, Plaintiff has been unsuccessful in doing so and reasonably believes that Defendants are evading service. Indeed, Plaintiff has attempted personal service on six different occasions on various days of the week and at various times of day. Plaintiff’s process server has confirmed with neighbors that Defendant McMan resides at the McDermitt address, has observed lights on at the address, and has attested to his belief that service is being evaded. Furthermore, Plaintiff’s process server on five occasions (a) left his business card and contact information on the door of the McDermitt address and each time that card was no longer on the door the following day, and (b) left voicemail messages to phone numbers associated with Defendant McMan but received no return call.

In addition, Plaintiff has pursued registered mail service through the USPS, but Defendant McMan did not accept delivery. Nor did Defendants arrange for any alternative delivery attempts or pick up the service packages from the post office as instructed to do so in the USPS note left on Defendant McMan’s door at the McDermitt Address.

Accordingly, Plaintiff has diligently attempted to perfect service via traditional methods but has been unsuccessful to date by virtue of Defendants evading service.

**B. Plaintiff’s Proposed Alternative Service is Reasonably Calculated to Give Defendants Actual Notice**

Plaintiff proposes alternative service in the form of posting or “tacking” a copy of the

summons and complaint on the door of the McDermitt Address combined with mailing copies to Defendants at the McDermitt Address via First-Class Mail and via email. These are permissible means of alternative service that would provide actual notice to Defendants. *See, e.g., Moseley v. Regency Transportation, LLC,* 525 F. Supp. 3d 823, 826 (E.D. Mich. 2021) (permitting alternative service by posting the materials to registered agent's address and mailing, reasoning that "given that a registered agent is a person specifically designated to receive legal documents on behalf of a corporation, posting and mailing to an entity's registered agent should be an acceptable way to ensure notice."); *Reyes-Trujillo v. Four Star Greenhouse, Inc*., 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (granting alternative service by five means, including mailing by First-Class mail and posting at the address of a corporation and its registered agent); *Live Face on Web, LLC v. Stahold Corp*., 2018 WL 3363727, at *1, *3 (E.D. Mich. July 10, 2018) (allowing alternative service on the defendants—a corporation and an individual—in part, by posting the service documents at the home of the individual defendant, who was also the corporate defendant's registered agent for service of process, and by mailing the documents via First-Class and certified mail to various addresses); Ce*ment Masons' Pension Tr. Fund - Detroit & Vicinity v. ISA Floors, Inc.*, 2022 WL 3544297, at *3 (E.D. Mich. Aug. 18, 2022) (allowing alternative service on Defendant's registered agent by tacking the summons, complaint, and the court's order to the door of Defendant and its resident agent's address and by regular mail).

In addition, Defendants have previously communicated with Plaintiff's counsel via the email address info@verizontrademarkservices.com, including within the last six months. (ECF Nos. 1-4 at 2, 1-5 at 2, 1-9 at 2, 1-11 at 2, 1-12 at 2, 1-13 at 2.) Accordingly, in addition to tacking and mailing the summons and complaint as requested above, Plaintiff will also email copies to this email address used by Defendants to contact Plaintiff's counsel as yet an additional

assurance that Defendants receive actual notice of the summons and complaint. *See, e.g., Reyes-Trujillo*, 2021 WL 534488, at *4 (permitting email service combined with tacking and First-Class mail); *see also* D.C. Super. Ct. Civ. R. 4(e)(3)(B).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its Motion for Alternative Service be granted.

Dated: November 21, 2023

Respectfully submitted,

By: /s/ *Jason M. Joyal*

David M. Kelly (Bar ID: 642080)
david.kelly@kelly-ip.com
Jason M. Joyal (Bar ID: 1015808)
jason.joyal@kelly-ip.com
Shelby A. McGowan (Bar ID: 90005205)
shelby.mcgowan@kelly-ip.com
KELLY IP, LLP
1300 19th Street, NW, Suite 420
Washington, DC 20036
Tel. (202) 808-3570
Fax. (202) 354-5232

*Attorneys for Plaintiff*
Verizon Trademark Services LLC